IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DENIS ZHIROVETSKIY, Individually and on behalf of similarly situated individuals, <br><br> Plaintiff, <br><br> v. <br><br> ZAYO GROUP, LLC, a Delaware limited liability company, <br><br> Defendant. | No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §1446, and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. §1332(d)(2) and 28 U.S.C. §1453(b), Defendant ZAYO GROUP, LLC ("Zayo") removes this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. As explained below, this putative class action is subject to the Court's jurisdiction under 28 U.S.C. §1332(d)(2) because minimal diversity exists and the amount placed in controversy by the putative class members' claims exceeds $5,000,000.

## CLAIMS ASSERTED AND RELIEF SOUGHT

1. Plaintiff Denis Zhirovetskiy's ("Plaintiff") Complaint purports to state a single claim against Zayo under the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), on behalf of a putative class. Plaintiff alleges that Zayo's "practice of capturing, storing and using Plaintiff's and other consumers' handprints and other biometric information without their informed written consent . . . violates BIPA." (Compl. ¶1). Plaintiff seeks

injunctive relief and an award of statutory damages to all putative class members, together with costs and attorneys' fees. (*Id.* ¶8; *see also* Prayer for Relief).

2. More specifically, Plaintiff alleges that, pursuant to BIPA, a private entity may not obtain or possess biometrics from any individual unless that entity first: (a) informs the individual in writing that biometric identifiers or biometric information will be collected; (b) informs the individual in writing of the specific purpose and length of term for which that biometric data is being collected, stored and used; (c) receives a written release from the person for the collection of such biometric data; and (d) publishes publicly written retention schedules and guidelines for permanent destruction of the biometric data. (Compl. ¶¶6, 14, 15, 40–41).

3. Plaintiff alleges that Zayo violates the aforementioned BIPA requirements because it "actively captures, collects, stores and uses, without obtaining informed written consent or publishing their data retention policies, the biometrics of hundreds, if not thousands, of individuals throughout the state of Illinois whose handprints are captured and stored for security and other purposes." (Compl. ¶7, *see also* ¶¶3, 20–22, 25–27, 44–45).

4. Plaintiff alleges that Zayo violates BIPA in connection with its operation of secured data centers specifically through the use of "biometric scanning devices, which capture, store and use consumers' biometrics in the form of handprints" to allow access to the secured data centers. (Compl. ¶18). Plaintiff thus alleges that Zayo is "constructively, if not actually, in possession of Plaintiff's and other consumers' biometrics." (*Id.* ¶17).

5. Plaintiff seeks bring his BIPA claim on behalf of a putative class defined as:

> All individuals whose biometrics were captured, obtained, stored or used by Defendant within the State of Illinois during the applicable limitations period.

(Compl. ¶31).

## THE COURT'S JURISDICTION UNDER CAFA

6. CAFA grants United States District Courts original jurisdiction over "any civil action": (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which, among other things "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. §1332(d)(2). These requirements are met in the instant case.

## THIS MATTER IS A "CLASS ACTION"

7. A "class action" for purposes of CAFA is defined as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. §1332(d)(1)(B). As noted, Plaintiff seeks to bring BIPA claims on behalf of "all individuals whose biometrics were captured, obtained, stored or used by Defendant within the State of Illinois during the applicable limitations period." (Compl. ¶31).

## MINIMAL DIVERSITY EXISTS

8. Plaintiff is a citizen of the State of Illinois. (Compl. ¶10).

9. Zayo is not an Illinois citizen. As a limited liability company, Zayo is deemed to be a citizen of the states in which its members are citizens. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). The sole member of Zayo is Zayo Group Holdings, Inc., which is incorporated under the laws of the State of Delaware and which has its principal place of business at 1805 29th Street, Boulder, Colorado 80301. (Declaration of Abigail Dayton, **Exhibit A**.)

10. A corporation such as Zayo Group Holdings, Inc. "shall be deemed to be a citizen of any [s]tate by which it has been incorporated and of the [s]tate where it has its principal place of business . . . ." 28 U.S.C. §1332(c)(1). A corporation's "principal place of business" under

§1332(c)(1) is it's "nerve center", that is, "the place where the corporation maintains its headquarters . . ." *Hertz Corp. v. Friend*, 559 U.S. 77-92-93 (2010). As a result, Zayo Group Holdings, Inc. is a citizen of the states of Delaware and Colorado for purposes of diversity jurisdiction.

11. Zayo, therefore, is also a citizen of the states of Delaware and Colorado. Minimal diversity therefore exists under 28 U.S.C. §1332(d)(2)(A). *See also Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 965-66 (7th Cir. 2016) (minimal diversity exists such that the Court had CAFA jurisdiction where class representatives were citizens of Illinois, while Defendant was a Delaware corporation with its principal place of business in Arizona).

## THE MATTER IN CONTROVERSY AGGREGATED ACROSS ALL CLASS MEMBERS' CLAIMS MEETS THE CAFA THRESHOLD

12. CAFA provides that the District Court shall have original jurisdiction "of any civil action in which matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs . . . ." 28 U.S.C. §1332(d)(2). For purposes of determining the amount in controversy, CAFA requires that "the claims of the individual class members shall be aggregated . . . ." 28 U.S.C. §1332(d)(6). Although Plaintiff has not alleged the amount of damages he seeks on behalf of the putative class under BIPA, CAFA's amount in controversy threshold is met here based on Plaintiff's allegations and undisputed facts.

13. Zayo denies any violation, be it reckless or negligent, of BIPA, and that this matter is suitable for treatment as a class action. Plaintiff alleges, however, upon information and belief, that "there are hundreds, if not thousands, of members of the class . . . ." (Compl. ¶33). In fact, at present, there are over 2200 persons in Illinois who have access to Zayo's Illinois data centers who have submitted to finger or hand scans as part of Zayo's security protocol which control access to those data centers. (Tung Vo Declaration, **Exhibit B**.)

14. As to each of those persons, Plaintiff alleges multiple violations of BIPA. Specifically, Plaintiff alleges that "after [his biometrics] were initially captured . . . on subsequent visits to the data center, Defendant required Plaintiff to scan his handprint into one of its biometric security devices as a condition of Plaintiff's access to its data center" (Compl. ¶23) and that "[e]very time" an alleged class member requires access to a Zayo facility, Zayo "captures and uses . . . biometrics" (*id.* ¶18).

15. Plaintiff also claims that "Defendant has also violated BIPA on each occasion it transmits such [biometric] information to third parties without user's consent" (Compl. ¶27), that Zayo has "knowingly and willfully fail[ed] to comply with BIPA" (*id.* ¶30), and that "[d]efendant's violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard to statutory requirements" (*id.* ¶49).

16. BIPA provides statutory damages of $5,000 for an intentional or reckless violation, and $1,000 for a negligent violation, with damages calculated "for each violation." 740 ILCS 14/20. Here, Plaintiff alleges "thousands" of class members. (Compl. ¶33.) In fact, there are currently over 2200 persons who have had finger or hand scans to allow their access to Zayo data centers. (Tung Vo Declaration.) In addition, Plaintiff claims a BIPA violation for "[e]very time" a person accesses one of Zayo's secured facilities (*id.* ¶18), and Plaintiff alleges that Zayo's violations were "reckless" and thus call for damages of $5,000 for each violation (*id.* ¶48). Accordingly, the aggregate value of the BIPA claims as alleged by Plaintiff plainly exceeds $5,000,000 (*e.g.*, 1,000 to 2,000 alleged class members, single reckless violation each at $5,000 equals $5,000,000 to $10,000,000, multiple violations per class member equal additional damages.) Therefore, the matter in controversy threshold under 28 U.S.C. §1332(d)(2) is met. *See Spivey v. Vertrue,* 528 F.3d 982, 983 (7th Cir. 2008). (For removal purposes under CAFA,

defendant need only show that the recovery at the $5,000,000 jurisdictional threshold is "not legally impossible").

## PROCEDURAL FOR REMOVAL

17. Zayo was served with the Complaint in this matter on July 14, 2017. Zayo is filing this notice within 30 days of the date of service on Zayo. Therefore, this Notice of Removal is timely under 28 U.S.C. §1446(b).

18. Removal to this Court is proper because the United States District Court for the Northern District of Illinois, Eastern Division is the District Court of the United States for the district and division embracing the Circuit Court of Cook County, Illinois. 28 U.S.C. § 93(a)(1).

19. A copy of all process, pleadings and orders served upon Zayo are attached as **Group Exhibit C** in accordance with 28 U.S.C. §1446(a).

20. Zayo is filing notice of the removal of this action with the Circuit Court Cook County in accordance with 28 U.S.C. §1446(d).

August 11, 2017

Respectfully submitted,

ZAYO GROUP, LLC

By: /s/ Joseph A. Strubbe

Joseph A. Strubbe, Bar No. 06191136
Frederic T. Knape, Bar No. 06256217
VEDDER PRICE P.C.
222 N. LaSalle Street
Chicago, IL 60601-1003
312/609-7500
jstrubbe@vedderprice.com
fknape@vedderprice.com

*Attorney for Defendant Zayo Group, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system and served the parties listed below via E-Mail and U.S. Mail:

Myles McGuire
Evan M. Meyers
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Floor
Chicago, IL 60601
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com

on August 11, 2017.

*/s/ Joseph A. Strubbe*
Joseph A. Strubbe