# **<u>Exhibit C</u>**

 **CT Corporation**

**Service of Process Transmittal**
07/14/2017
CT Log Number 531580441

**TO:** Laura Littman
Zayo Group, LLC
1805 29th St Unit 2050
Boulder, CO 80301-1067

**RE:** **Process Served in Illinois**

**FOR:** Zayo Group, LLC  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DENTS ZHIROVETSKIY, etc., Pltf. vs. ZAYO GROUP, LLC, etc., Dft. |
| **DOCUMENT(S) SERVED:** | Summonses, Attachment(s), Complaint |
| **COURT/AGENCY:** | Cook County Circuit Court - County Department - Chancery Division, IL<br>Case # 17CH09323 |
| **NATURE OF ACTION:** | Complaint regarding Violation of the Illinois Biometric Information Privacy Act, |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 07/14/2017 at 11:00 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of this Summons, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | Myles McGuire<br>MCGUIRE LAW, P.C.<br>55 W. Wacker Drive, 9th Fl.<br>Chicago, IL 60601<br>(312) 893-7002 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 07/15/2017, Expected Purge Date: 07/20/2017<br><br>Image SOP<br><br>Email Notification,  Abigail Dayton  abigail.dayton@zayo.com<br><br>Email Notification,  Laura Littman  laura.littman@zayo.com |
| **SIGNED:**<br>**ADDRESS:**<br><br><br><br>**TELEPHONE:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Page 1 of  1 / DB

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

2120 - Served
2220 - Not Served
2320 - Served By Mail
2420 - Served By Publication
Summons - Alias Summons

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication

(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

DENIS ZHIROVETSKIY

(Name all parties)

v.

ZAYO GROUP, LLC

No. 17-CH-09323

Zayo Group, LLC
C/o CT Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

◉ SUMMONS ☐ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602
- ☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
- ☐ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- ☐ District 4 - Maywood
  1500 Maybrook Dr.
  Maywood, IL 60153
- ☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- ☐ District 6 - Markham 16501
  S. Kedzie Pkwy. Markham,
  IL 60428
- ☐ Child Support: 50 W.
  Washington, LL-01,
  Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**DOROTHY BROWN** JUL 0 7 2017

☑ Atty. No.: 56618

Name: McGuire Law, P.C.

Atty. for: DENIS ZHIROVETSKIY

Address: 55 W. WACKER 9TH FL

City/State/Zip Code: CHICAGO, IL 60601

Telephone: (312) 893-7002

Primary Email: DGERBIE@MCGPC.COM

Secondary Email: EMEYERS@MCGPC.COM

Tertiary Email: MMCGUIRE@MCGPC.COM

Witness: Friday, 7 July 2017

Dorothy Brown
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

DOC. TYPE: CHANCERY
CASE NUMBER: 17CH09323
DEFENDANT
ZAYO GROUP LLC
208 S LASALLE ST
CHICAGO, IL 60604
STE 814

DIE DATE
07/30/2017

SERVICE INF
RM 802  C/O
CORPORATI

ATTACHED

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DENIS ZHIROVETSKIY, individually and on behalf of similarly situated individuals,     )<br>)<br>)<br>) | |
|     *Plaintiff,*     )<br>) | No.    2017CH09323<br>CALENDAR/ROOM 04 |
|         v.     )<br>) | Hon.   TIME 00:00<br>Class Action |
| ZAYO GROUP, LLC, a Delaware limited liability company,     )<br>)<br>) | |
|     *Defendant.*     )<br>) | |

## CLASS ACTION COMPLAINT & JURY DEMAND

Plaintiff Denis Zhirovetskiy ("Plaintiff"), individually and on behalf of other similarly situated individuals, brings this Class Action Complaint against Defendant, Zayo Group, LLC ("Zayo" or "Defendant"), to stop Defendant's collection, use, and storage of consumers' biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows based on personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including an investigation conducted by his attorneys.

## INTRODUCTION

1.     This case concerns Defendant's practice of capturing, storing and using Plaintiff's and other consumers' handprints and other biometric information without their informed written consent as required by Illinois law. Recognizing the serious harm that can come from unregulated collection and use of biometrics, Illinois passed detailed regulations addressing the collection, use and retention of biometric information by private entities, like Defendant.

1

2.      Choosing to shun more traditional security measures, Defendant, a telecommunications service provider, implemented an invasive security protocol that relies on the collection, storage, and use of consumers' handprints and biometric information, while disregarding the relevant Illinois regulations and the privacy interests they protect.

3.      Plaintiff brings this action for damages and other legal and equitable remedies resulting from the illegal actions of Defendant in collecting, storing, and using Plaintiff's and other similarly situated consumers' biometric identifiers and biometric information without informed written consent, in direct violation of the Illinois BIPA. 740 ILCS § 14/10.

4.      The Illinois Legislature has found that "biometrics are unlike other unique identifiers that are used to access finances or other sensitive information. For example, Social Security numbers, when compromised, can be changed. Biometrics, however, are biologically unique to each individual and therefore, once compromised, such individual has no recourse, is at a heightened risk for identity theft in, and is likely to withdraw from biometric facilitated transactions." 740 ILCS 14/5. A "biometric identifier" is any personal feature that is unique to an individual and includes fingerprints, iris scans, palm scans, and DNA, among others. "Biometric information" is any information captured, converted, stored, or shared based on a person's biometric identifier which is used to identify an individual. 740 ILCS § 14/10.

5.      Nor are biometrics relegated to esoteric corners of commerce. Many businesses and financial institutions have incorporated biometric applications into their consumer products, including such ubiquitous consumer products as checking accounts and cell phones.

6.      In recognition of the concern over the security of individuals' biometrics, the Illinois Legislature enacted BIPA, which provides, *inter alia*, that a private entity such as Defendant may not obtain and/or possess an individual's biometrics unless it first: (1) informs

2

that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific purpose and the length of term for which such biometric identifiers for biometric information is being collected, stored and used; and (3) receives a written release from the person for the collection of her or her biometric identifiers information. Private entities are also required to publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/15.

7.  In direct violation of the foregoing provisions, Defendant actively captures, collects, stores, and uses, without obtaining informed written consent or publishing their data retention and deletion policies, the biometrics of hundreds, if not thousands, of individuals throughout the State of Illinois whose handprints are captured and stored for security and other purposes.

8.  On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to cease all unlawful activity related to its collection, storage and use of biometrics and an award of statutory damages to the Class members, together with costs and reasonable attorneys' fees.

### PARTIES

9.  Defendant, an operator of data storage facilities in Illinois and elsewhere nationwide, is a Delaware corporation that conducts business in Illinois.

10.  Plaintiff is a resident and citizen of the state of Illinois.

### JURISDICTION AND VENUE

11.  This Court may assert personal jurisdiction over Defendant pursuant to 735 ILCS 5/2-209 in accordance with the Illinois Constitution and the Constitution of the United States,

because Defendant is doing business within this State and because Plaintiff's claims arise out of Defendant's unlawful in-state actions, as Defendant captured Plaintiff's biometric data and/or biometric information in this State.

12.     Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, because Defendant conducts business in Cook County and thus resides there under § 2-102, and because Defendant operates numerous data centers which utilize biometric security in Cook County.

## BACKGROUND

13.     Illinois enacted BIPA to regulate entities such as Defendant that collect and store biometric information, including fingerprints, iris scans, and handprints.

14.     Under BIPA, a private entity may not collect, capture, purchase, receive through trade, or otherwise obtain a person's biometric identifier or biometric information unless it first:

(1) Informs the person in writing that a biometric identifier or biometric information is being collected;

(2) Informs the person in writing of the specific purpose and length of time for which a person's biometric identifier or biometric information is being collected, stored and used; and

(3) Receives a written release executed by the subject of the biometric identifier or biometric information.

740 ILCS 14/15(b).

15.     Section 15(a) of the BIPA also requires that a private entity in possession of biometric identifiers or biometric information develop:

a.   A written policy;

b.   Available to the public;

4

    c.  Which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information;

    d.  Within three years of the individual's last interaction with the private entity, or when the initial purpose of for collecting or obtaining biometric identifiers and biometric information has been satisfied.

740 ILCS 14/15(a).

16.    Defendant is a "private entity" as that term is defined under the BIPA. *See* 740 ILCS 14/10.

17.    Defendant is constructively, if not actually, in possession of Plaintiff's and other consumers' biometrics. Defendant not only possesses such biometrics but also advertises – and profits from – the fact that its data centers utilize biometrics for security purposes.

18.    While most businesses secure their facilities through traditional methods, such as keys and codes, Defendant uses consumers' handprints to identify and approve them for entry into its data centers. Defendant accomplishes this through the use of biometric scanning devices, which capture, store and use consumers' biometrics in the form of handprints. These handprints constitute biometric identifiers and biometric information. Every time a consumer requires access to one of Defendant's biometrically secured facilities, Defendant captures and uses such biometrics.

19.    Unlike ID cards or key codes—which can be changed or replaced if stolen or compromised—handprints are unique, permanent biometric identifiers associated with the individual. The capture, storage, use and potential dissemination of these permanent biometric identifiers violates consumers' substantive privacy rights protected under BIPA and exposes Plaintiff and consumers to serious and irreversible privacy risks.

20.     Defendant's practices of collecting, obtaining, capturing, storing and using Illinois residents' biometrics are unlawful under the BIPA because such practices (1) fail to inform consumers in writing that they are collecting biometric identifiers and/or biometric information; (2) fail to inform consumers in writing of the specific purpose and length of term for which their biometrics are being collected, stored and used; and (3) fail to receive a written release. These practices therefore severely infringe on consumers' right to privacy with regard to their biometric identifiers and biometric information.

## FACTS SPECIFIC TO PLAINTIFF

21.     During the relevant period, Plaintiff requested access to one of Defendant's many data centers located in Illinois. As a condition of entry for purported security purposes, Plaintiff was required to submit to an invasive biometric hand-scan before access was permitted to Defendant's server bank.  Prior to collecting his biometrics, Defendant failed to inform Plaintiff in writing that it was collecting a biometric identifier or biometric information.

22.     Defendant captured Plaintiff's biometrics by scanning Plaintiff's handprint into its biometric security system without informed written consent as required by BIPA. Plaintiff's handprint and the biometric information Defendant obtained from it was then stored, associated with his identity and used by Defendant to identify Plaintiff and to provide access to its data centers.

23.     After Plaintiff's handprint was initially captured, stored, used, and associated with his identity, on subsequent visits to the data center, Defendant required Plaintiff to scan his handprint into one of its biometric security devices as a condition of Plaintiff's access to its data center. Plaintiff visited Defendant's data centers on several occasions, and in each instance Plaintiff's biometrics were captured, stored and used by Defendant.

6

24.     Defendant captures and uses Plaintiff's and consumers' biometrics without regard to Illinois' statutory disclosure requirements under BIPA.

25.     Indeed, prior to taking Plaintiff's biometric data and/or information Defendant failed to inform Plaintiff in writing of the specific purpose and length of time for which his biometric information was being collected, stored and used, nor did Defendant detail how and when it intended to dispose of Plaintiff's information, as required under BIPA.

26.     Prior to taking Plaintiff's biometric data and/or information Defendant also failed to make a written policy available to consumers and other members of the public that established a biometric information retention schedule and guidelines for permanently destroying the biometric identifiers that it collects, again as required by the BIPA. 740 ILCS 14/15(a).

27.     Defendant further failed to obtain written consent from Plaintiff for Defendant's transmission of Plaintiff's biometrics to any third parties, including outside vendors. To the extent Defendant utilizes out of state vendors to operate its biometrics program in conformance with biometric industry practice, Defendant has also violated BIPA on each occasion it transmits such information to third parties without users' consent.

28.     Additionally, Defendant did not receive consent from Plaintiff to disclose, redisclose or otherwise disseminate Plaintiff's biometric identifiers and biometric information to any other entity, including third-party vendors employed by Defendant, in violation of BIPA.

29.     To this day, Plaintiff is unaware of the status of his biometric data and biometric information that was obtained by Defendant. Defendant has not informed Plaintiff whether it still retains his biometric information, and if so, for how long it intends to retain such information without Plaintiff's consent or how such information is to be treated in the event Defendant is acquired, sold or declared bankrupt.

7

30.     By knowingly and willfully failing to comply with BIPA, Defendant has violated consumers' substantive privacy rights, and as a result, Plaintiff and the other members of the Class have continuously been exposed to ongoing privacy invasion, with such constant risk of exposure and dissemination of their biometrics constituting a severe harm and violation of their rights.

## CLASS ALLEGATIONS

31.     Plaintiff brings this action on behalf of himself and similarly situated individuals pursuant to 735 ILCS § 5/2-801. Plaintiff seeks to represent a Class defined as follows:

> **The Class:** All individuals whose biometrics were captured, obtained, stored or used by Defendant within the state of Illinois during the applicable limitations period.

32.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant; and any immediate family member of such officer or director.

33.     Upon information and belief, there are hundreds, if not thousands, of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable. Although the exact number of members of the Class is currently unknown to Plaintiff, the members can be readily identified through Defendant's records.

34.     Plaintiff's claims are typical of the claims of the Class members he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the other Class members are the same, and because Defendant's conduct has resulted in similar injuries to Plaintiff and to all of the other members of the Class. As alleged herein, Plaintiff and the other putative Class members have all suffered damages as a result of Defendant's BIPA violations.

8

35.     There are many questions of law and fact common to the claims of Plaintiff and the other Class members, and those questions predominate over any questions that may affect individual members of the Class.  Common questions for the Class include, but are not limited to, the following:

    a.  Whether Defendant collected, captured, stored or used the biometrics of Class members without their express written consent;

    b.  Whether Defendant developed and made available to the public a written policy which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by the BIPA;

    c.  Whether Defendant obtained a written release from Class members before capturing, collecting, or otherwise obtaining consumers' biometrics;

    d.  Whether Defendant provided a written disclosure to consumers that explains the specific purposes, and the length of time, for which their biometrics are being collected, stored and used before taking their biometrics;

    e.  Whether Defendant's conduct violates the BIPA;

    f.  Whether Defendant's violations of the BIPA are willful and reckless; and

    g.  Whether Plaintiff and the Class members are entitled to damages and injunctive relief.

36.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitively expensive, and would have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

37.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class he seeks to represent.  Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions.  Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and have the financial resources to do so.  Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

38.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

## COUNT I

**Violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*,
(on behalf of Plaintiff and the Class)**

39.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

40.     Illinois' BIPA requires companies to obtain informed written consent from individuals before acquiring their biometric data.  Specifically, the BIPA makes it unlawful to "collect, capture, purchase, receive through trade, or otherwise obtain a person's or customer's biometric identifiers or biometric information unless [the entity] first: (1) informs the subject . . . in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject . . . in writing of the specific purpose and length of for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information . . . ."  740 ILCS 14/15(b).

10

41.     Illinois' BIPA also requires that companies in possession of biometric data establish and maintain a publicly available retention policy. Entities such as Defendant which possess biometric data must (i) make publicly available a written policy establishing a retention schedule and guidelines for permanent deletion of biometric data (companies may not retain data longer than three years after the companies' last interaction with the customer); and (ii) must adhere to the publicly posted retention and deletion schedule.

42.     Defendant is a private entity under the BIPA.

43.     Plaintiff and the other Class members had their "biometric identifiers," including handprints, collected, captured, received or otherwise obtained by Defendant. Plaintiff and the other Class members' biometric identifiers were also used to identify them, and therefore constitute "biometric information" as defined by the BIPA. 740 ILCS 14/10.

44.     Each instance when Plaintiff and the other Class members scanned their handprints into Defendant's biometric security devices, Defendant captured, collected, stored, and used Plaintiff's and the Class members' biometric identifiers or biometric information without lawful consent as required by BIPA.

45.     Defendant's practices with respect to capturing, collecting, storing and using biometric identifiers and information fail to comply with applicable BIPA requirements. Specifically, with respect to Plaintiff and the other Class members, Defendant failed to:

    a.  Obtain the written release required by 740 ILCS 14/15(b)(3);

    b.  Inform Plaintiff and the Class in writing that their biometric identifiers or biometric information were being collected and stored, as required by 740 ILCS 14/15(b)(1);

11

    c. Inform Plaintiff and the Class in writing of the specific purpose for which their biometric information was collected, stored and used, as required by 740 ILCS 14/15(b)(2);

    d. Inform Plaintiff and the Class in writing of the specific length of term their biometric information or biometric identifiers were stored and used, as required by 740 ILCS 14/15(b)(2);

    e. Provide a publicly available retention schedule detailing the length of time biometric information is stored or guidelines for permanently destroying the biometric information it stores, as required by 740 ILCS 14/15(a); and

    f. Receive consent to disclose or disseminate their biometric identifiers or biometric information as required by 740 ILCS 14/15(d)(1).

46.    By designing and operating a security system based on biometrics that was devoid of the consumer protections required by BIPA, Defendant profited from Plaintiff's and the Class members' biometric identifiers and biometric information in violation of 740 ILCS 14/15(c).

47.    By collecting, storing, and using Plaintiff's and the other Class members' biometric identifiers and biometric information as described herein, Defendant violated Plaintiff's and the other Class members' respective rights to privacy in their biometric identifiers or biometric information as set forth in the BIPA. 740 ILCS 14/15(a).

48.    The BIPA provides for statutory damages of $5,000 for each willful and/or reckless violation of the BIPA and, alternatively, damages of $1,000 for each negligent violation of the BIPA. 740 ILCS 14/20(1).

49.    Defendant's violations of the BIPA, as set forth herein, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendant

12

negligently failed to comply with the BIPA disclosure, consent, dissemination, and policy posting requirements.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and the proposed Class, respectfully requests that this Court enter an Order:

    a. Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

    b. Declaring that Defendant's actions, as set forth herein, violate the BIPA;

    c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class by requiring Defendant to comply with the BIPA requirements for the collection, storage, and use of biometric identifiers and biometric information;

    d. Awarding statutory damages of $5,000 for each willful and/or reckless violation of the BIPA, pursuant to 740 ILCS 14/20(1);

    e. Awarding statutory damages of $1,000 for each negligent violation of the BIPA, pursuant to 740 ILCS 14/20(3);

    f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 740 ILCS 14/20(3);

    g. Awarding pre- and post-judgment interest, as allowable by law; and

    h. Awarding such further and other relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated: July 6, 2017

Respectfully Submitted,

DENIS ZHIROVETSKIY, individually and on behalf of a class of similarly situated individuals

By: _____

One of His Attorneys

Myles McGuire
Evan M. Meyers
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Putative Class*

14

**CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

DENIS ZHIROVETSKIY, individually and )
on behalf of classes of similarly situated )
individuals, )
)
                              *Plaintiff,*      )      No.    2017CH09323
)              CALENDAR/ROOM 04
                  v.          )              TIME 00:00
)      Hon.   Class Action
ZAYO GROUP, LLC, )
a Delaware corporation, )
)
                              *Defendant.*      )

**NOTICE OF MOTION**

To:

Zayo Group, LLC
C/O C T Corporation System
208 S. LaSalle St., Suite 814
Chicago, IL 60604

On November 3 , 2017 at 930 a.m. or as soon thereafter as counsel may be

heard, I shall appear before the Honorable __Flynn__ or any Judge sitting in that

Judge's stead, in courtroom 2408, located at the Richard J. Daley Center, 50 W.

Washington St., Chicago, Illinois 60602, and present *Plaintiff's Motion for Class*

*Certification or, Alternatively, for a Deferred Class Certification Ruling Pending*

*Discovery.*

| | | | |
|---|---|---|---|
| **Name:** | McGuire Law, P.C. | **Attorney for:** | Plaintiff |
| **Address:** | 55 W. Wacker Dr., 9th Fl. | **City:** | Chicago, IL |
| 60601 | | | |
| **Telephone:** | (312) 893-7002 | **Firm ID.:** | 56618 |

- 1 -

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on July 6, 2017, a copy of *Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery* was sent to Defendant's Registered Agents by way of first class mail by depositing the same in a United States Mailbox.

- 2 -

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | |
|---|---|
| DENIS ZHIROVETSKIY, individually and on behalf of similarly situated individuals, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| ZAYO GROUP, LLC, a Delaware limited liability company, | )<br>) |
| Defendant. | )<br>) |

No.     2017CH09323
        CALENDAR/ROOM 04
Hon.    TIME 00:00
        Class Action

_____

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY

Plaintiff, Denis Zhirovetskiy, by and through his undersigned counsel, and pursuant to 735 ILCS 5/2-801, moves for entry of an order certifying the Class proposed below, appointing Plaintiff as Class Representative, and appointing Plaintiff's attorneys as Class Counsel. Alternatively, Plaintiff requests, to the extent the Court determines further evidence is necessary to prove any element of 735 ILCS 5/2-801, that the Court defer consideration of this Motion pending a reasonable period to complete discovery. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.,* 2015 IL 118644, at ¶¶ 42-43 (citing *Damasco v. Clearwire Corp.,* 662 F.3d 891 (7th Cir. 2011)). In support of his Motion, Plaintiff submits the following Memorandum of Law.

- 1 -

Dated: July 6, 2017

Respectfully submitted,

DENIS ZHIROVETSKIY, individually and
on behalf of a class of similarly situated
individuals

By: _____
One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
David L. Gerbie
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Proposed Class*

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR CLASS CERTIFICATION OR, ALTERNATIVELY, FOR
A DEFERRED CLASS CERTIFICATION RULING PENDING DISCOVERY**

This Court should certify a class of Illinois individuals whose biometric identifiers and biometric information has been captured, collected, stored, and used by Defendant, Zayo Group (herein "Zayo" or "Defendant"). Defendant has violated Illinois law by capturing, collecting, storing and using individuals' handprints without obtaining proper consent, and by failing to provide individuals with a retention schedule explaining how long such biometric information and biometric identifiers are to be used and stored. After Plaintiff learned of Defendant's wrongful conduct, he brought suit on behalf of a class of similarly situated individuals to put a stop to Defendant's collection, use and storage of biometric data and/or biometric information in violation of the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), and to obtain redress for all persons injured by its conduct.

## I.    **INTRODUCTION: THE BIPA**

The Biometric Information Protection Act, or the BIPA, is designed to protect consumers' personal biometric information. Under the BIPA, biometric identifiers include retina or iris scans, fingerprints, voiceprints, and scans of hand or face geometry; while biometric information can be defined as the manipulation of biometric identifiers into usable, storable data. In recognition of the importance of the security of individuals' biometrics, the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that private entities such as Defendant may not obtain and/or possess an individual's biometrics unless it: (1) informs that person in writing that biometric identifiers or information will be collected or stored; (2) informs that person in writing of the specific

purpose and the length of term for which such biometric identifiers or biometric information is being collected, stored and used; (3) receives a written release from the person for the collection of her or her biometric identifiers information; and (4) publishes publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information. 740 ILCS 14/5.

## II. FACTUAL BACKGROUND

### A. The Underlying Misconduct.

Defendant operates numerous data centers within Illinois and throughout the United States. (Complaint ¶ 12.) In order to gain access to Defendant's facility, Plaintiff and other consumers were required to submit to an invasive biometric hand-scan. (*Id.* ¶ 21, 42.) Defendant captures stores and uses individuals' handprints to identify and approve them for entry into its data centers. (*Id.* ¶ 21.) Defendant accomplishes this through the use of biometric scanning devices, which capture, store and use consumers' biometrics in the form of their handprints. (*Id.*) These handprints constitute biometric identifiers and biometric information under BIPA. (*Id.* ¶ 18.) Consumers who required access to Defendant's server storage facilities were expected to provide at least one of their handprints to the Defendant. (*Id.*) Defendant and/or their agents, through their biometric security system, captured, stored and used Plaintiff's and other consumers' handprints and associated biometric information as a way to control access to Zayo's server banks. (*Id.*)

However, Defendant failed to obtain informed consent from Plaintiff and other consumers *prior* to capturing, storing and using their biometric information and similarly failed to provide Plaintiff, individuals, and the public with a retention schedule and

- 4 -

deletion policies which detailed how and when Defendant would retain and then destroy consumers' biometric information and/or biometric identifiers. (Complaint ¶ 29.) On information and belief, Defendant does not have a policy of informing consumers in any way what happens to their biometric data or biometric information after it is collected and stored, whether the information is transmitted to a third party and, if so, which third party, and what would happen to the data and information if an individual no longer requires access to Defendant's data centers, if a data center were to close, or if Defendant was to be acquired, sold, or file for bankruptcy. (*Id.* ¶ 29.) Despite their security practices, which require consumers to submit to an invasive hand-scan, Defendant failed to comply with the BIPA's statutory requirements regarding collection of biometric identifiers and biometric information. (*Id.* ¶¶ 24-27.)

### B.    The Proposed Class.

Plaintiff brings this action on behalf of himself and a Class of similarly situated individuals (the "Class"), defined as follows:

> **The Class**: All individuals whose biometrics were captured, obtained, stored or used by Defendant within the state of Illinois during the applicable limitations period.

As explained below, the proposed Class satisfies each of the four requirements for certification under Section 2-801 of the Illinois Code of Civil Procedure—numerosity, commonality, adequacy of representation, and fair and efficient adjudication. A class action is not just appropriate here, it is also the only way that the members of the putative Class can obtain appropriate redress for Defendant's unlawful conduct.

- 5 -

III.     **ARGUMENT**

    A.     **Standards for Class Certification.**

To obtain class certification, it is not necessary for a plaintiff to establish that she will prevail on the merits of the action. *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 178 (1974) ("[T]he question is not whether the plaintiff or plaintiffs have stated a cause of action or will prevail on the merits, but rather whether the requirements of Rule 23 are met." (internal quotation marks and citation omitted)). As such, in determining whether to certify a proposed class, the Court should accept the allegations of the complaint as true. *Ramirez v. Midway Moving & Storage, Inc.*, 378 Ill. App. 3d 51, 53 (1st Dist. 2007).

To proceed with a class action, the movant must satisfy the "prerequisites for the maintenance of a class action" set forth in Section 2-801 of the Illinois Code of Civil Procedure, which provides:

> An action may be maintained as a class action in any court of this State and a party may sue or be sued as a representative party of the class only if the court finds:
>
> (1)    The class is so numerous that joinder of all members is impracticable.
> (2)    There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members.
> (3)    The representative parties will fairly and adequately protect the interest of the class.
> (4)    The class action is an appropriate method for the fair and efficient adjudication of the controversy.

735 ILCS 5/2-801. As demonstrated below, each prerequisite is established for the Class, and the Court should therefore certify the proposed Class.

Section 2-801 is modeled after Rule 23 of the Federal Rules of Civil Procedure

- 6 -

and "federal decisions interpreting Rule 23 are persuasive authority with regard to questions of class certification in Illinois." *Avery v. State Farm Mut. Auto. Ins. Co.*, 216 Ill. 2d 100, 125 (2005). Circuit courts have broad discretion in determining whether a proposed class meets the requirement for class certification and ought to err in favor of maintaining class certification. *Ramirez*, 378 Ill. App. 3d at 53. While a court may rule on class certification without requiring further discovery, *see* Manual for Complex Litigation (Fourth) § 21.14, at 255 (2004), courts have found that discovery is helpful prior to addressing a motion for class certification. *See, e.g., Ballard RN Center, Inc. v. Kohll's Pharmacy & Homecare, Inc.*, 2015 IL 118644, at ¶ 42 ("If the parties have yet to fully develop the facts needed for certification, then they can also ask the district court to delay its ruling to provide time for additional discovery or investigation") (quoting *Damasco v. Clearwire Corp.*, 662 F.3d 891, 896 (7th Cir. 2011)).

All the prerequisites for class certification are satisfied here, even though Plaintiff has not yet had an opportunity to engage in and complete discovery. However, in the interests of establishing a more fully developed record before ruling on class certification issues, the Court should defer ruling on this Motion pending the completion of discovery and submission of supplemental briefing.

### B. The Requirement of Numerosity Is Satisfied.

The first step in certifying a class is a showing that "the class is so numerous that joinder of all members is impracticable." 735 ILCS 5/2-801(1). This requirement is met when "join[ing] such a large number of plaintiffs in a single suit would render the suit unmanageable and, in contrast, multiple separate claims would be an imposition on the litigants and the courts." *Gordon v. Boden*, 586 N.E.2d 461, 464 (Ill. App. Ct. 1991)

(citing *Steinberg v. Chicago Med. Sch.*, 371 N.E.2d 634, 642–43 (Ill. 1977)). To satisfy this requirement a plaintiff need not demonstrate the exact number of class members, but must offer a good faith estimate as to the size of the class. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006).

Plaintiff alleges that there are hundreds, if not thousands, of members of the Class. (Compl. ¶ 34.) Because definitive evidence of numerosity can only come from the records of Defendant and its agents, it is proper to rely upon the allegations of the Complaint in certifying the Class. *See* 2 A. Conte & H. Newberg, Newberg on Class Actions § 7.20, at 66 (stating that where numerosity information is in the sole possession of the party opposing the class, courts generally rely on the complaint as prima facie evidence or defer ruling). In this case, the allegations of the Complaint, in addition to common sense based on Defendant's significant presence in Illinois and their lack of biometric retention policies, adequately demonstrate the numerosity of the proposed Class. *See Hinman v. M & M Rental Center, Inc.*, 545 F. Supp. 2d 802, 806 (N.D. Ill. 2008) (the court "may make common sense assumptions in determining numerosity"). Defendant operates numerous data centers in the City of Chicago and throughout Illinois. Each data center requires individuals to surrender their biometric information in order access the facility. As such, the number of Class members is almost certainly in the hundreds or thousands—an amount that more than satisfies the numerosity requirement. *See Kulins v. Malco, A Microdot Co., Inc.*, 459 N.E.2d 1038, 1046 (Ill. App. Ct. 1984) (finding that, in Cook County, 30 class members is sufficient to satisfy numerosity); *Currao v. Health Care Serv. Corp.*, 454 N.E.2d 781, 789 (Ill. App. Ct. 1983) (allegation in the complaint of hundreds and possibly thousands of class members clearly supports

finding that joinder would be impracticable).

Additionally, the members of the putative Class can be easily and objectively identified from the Defendant's records once they are produced. Furthermore, it would be completely impracticable to join the claims of the members of the Class, because they are disbursed throughout Illinois, and because absent a class action, few members could afford to bring an individual lawsuit over the amounts at issue in this case, since each individual member's claim is relatively small. *See Gordon*, 586 N.E.2d at 464. Accordingly, the first prerequisite for class certification is met.

### C.    Common Questions of Law and Fact Predominate.

The second requirement of Section 2-801(2) is met where there are "questions of fact or law common to the class" and those questions "predominate over any questions affecting only individual members." 735 ILCS 5/2-801(2). Such common questions of law or fact exist when the members of the proposed class have been aggrieved by the same or similar misconduct. *See Miner v. Gillette Co.*, 428 N.E.2d 478, 483 (Ill. 1981); *Steinberg*, 371 N.E.2d at 644-45. These common questions must also predominate over any issues affecting individual class members. *See O-Kay Shoes, Inc. v. Rosewell*, 472 N.E.2d 883, 885-86 (Ill. App. Ct. 1984).

While common issues must predominate, they "need not be exclusive." *Maxwell v. Arrow Fin. Servs., LLC*, No. 03-cv-1995, 2004 WL 719278, at *5 (N.D. Ill. Mar. 31, 2004); *Pleasant v. Risk Mgmt. Alternatives, Inc.*, No. 02-cv-6886, 2003 WL 22175390, at *5 (N.D. Ill. Sept. 19, 2003) (certifying class where "the central factual inquiry will be common to all" the class members); *Kremnitzer v. Cabrera & Rephen, P.C.*, 202 F.R.D. 239, 242 (N.D. Ill. 2001) (finding predominance met where liability is predicated on the

- 9 -

same legal theory and the same alleged misconduct). Class certification is proper even if there may be some possibility that "separate proceedings of some character will be required to determine the entitlements of the individual class members to relief." *Carnegie v. Household Int'l Inc.*, 376 F.3d 656, 661 (7th Cir. 2004).

Here, the claims of the Class members arise out of the same activity by Defendant, are based on the same legal theory, and implicate the following common issues: Whether Defendant collected, captured, stored or used the biometrics of Class members; Whether Defendant developed and made available to the public a written policy which establishes a retention schedule and guidelines for permanently destroying biometric identifiers and information as required by the BIPA; Whether Defendant obtained a written release from Class members before capturing, collecting, or otherwise obtaining consumers' biometrics; Whether Defendant provided a written disclosure to consumers requiring access to their data centers that explains the specific purposes, and the length of time, for which their biometrics were being collected, stored and used before taking their biometrics; Whether Defendant's conduct violates the BIPA; Whether Defendant's violations of the BIPA are willful and reckless; and Whether Plaintiff and the Class members are entitled to damages and injunctive relief. (Compl. ¶ 36.)

As alleged, and as will be shown through obtainable evidence, Defendant engaged in a common course of conduct by collecting, capturing, storing and/or or using the biometric identifiers and/or biometric information of Class members without retaining a written release and without providing a retention schedule to them or to the public. Any potential individualized issues remaining after common issues are decided would be *de minimis*. Accordingly, common issues of fact and law predominate over any individual

- 10 -

issues, and Plaintiff has satisfied this hurdle to certification.

**D.    Adequate Representation.**

The third prong of Section 2-801 requires that "[t]he representative parties will fairly and adequately protect the interest of the class." 735 ILCS 5/2-801(3). The class representative's interests must be generally aligned with those of the class members, and class counsel must be "qualified, experienced and generally able to conduct the proposed litigation." *See Miner*, 428 N.E.2d at 482; *see also Eshaghi v. Hanley Dawson Cadillac Co., Inc.*, 574 N.E.2d 760, 763 (Ill. App. Ct. 1991). The purpose of this adequacy of representation requirement is "to insure that all Class members will receive proper, efficient, and appropriate protection of their interests in the presentation of the claim." *Purcell & Wardrope Chtd. v. Hertz Corp.*, 530 N.E.2d 994, 1000 (Ill. App. Ct. 1988); *Gordon*, 586 N.E.2d at 466.

In this case, Plaintiff has the same interests as the members of the proposed Class. Plaintiff and all members of the Class have had their biometric information taken by Defendant without giving proper consent and without receiving a retention schedule from the Defendant. Additionally, this information was likely given by Defendant to a third party without the knowledge of Plaintiff or any other members of the Class. Further, due to an acquisition, it is also possible that Defendant initially obtained Plaintiff's and the Class's biometrics from a third party without his consent. Plaintiff's pursuit of this matter demonstrates that he will be a zealous advocate for the Class. In addition, proposed class counsel have regularly engaged in major complex and class action litigation, and have extensive experience in consumer class action lawsuits. (*See* Declaration of Evan M. Meyers, attached hereto, ¶ 5). Plaintiff's counsel has also been appointed as class counsel

in several complex consumer class actions. (Meyers Decl. ¶ 5.) Accordingly, the proposed class representative and proposed class counsel will adequately protect the interests of the members of the Class, thus satisfying Section 2-801(3).

### E.     Fair and Efficient Adjudication of the Controversy.

The final requirement for class certification under 5/2-801 is met where "the class action is an appropriate method for the fair and efficient adjudication of the controversy." 735 ILCS 5/2-801(4). "In applying this prerequisite, a court considers whether a class action: (1) can best secure the economies of time, effort and expense, and promote uniformity; or (2) accomplish the other ends of equity and justice that class actions seek to obtain." *Gordon*, 586 N.E.2d at 467. In practice, a "holding that the first three prerequisites of section 2-801 are established makes it evident that the fourth requirement is fulfilled." *Gordon*, 586 N.E.2d at 467; *Purcell & Wardrope Chtd*, 530 N.E.2d at 1001 ("the predominance of common issues [may] make a class action . . . a fair and efficient method to resolve the dispute."). Because numerosity, commonality and predominance, and adequacy of representation have been satisfied in the instant case, it is "evident" that the appropriateness requirement is met as well.

Other considerations further support certification in this case. A "controlling factor in many cases is that the class action is the only practical means for class members to receive redress." *Gordon*, 586 N.E.2d at 467; *Eshaghi*, 574 N.E.2d at 766 ("In a large and impersonal society, class actions are often the last barricade of...protection."). A class action is superior to multiple individual actions "where the costs of litigation are high, the likely recovery is limited" and individuals are unlikely to prosecute individual claims absent the cost-sharing efficiencies of a class action. *Maxwell*, 2004 WL 719278,

- 12 -

at *6. This is especially true in cases involving the BIPA, which can involve significant injury to the those effected, but result in many small, individual claims. Here, absent a class action, most members of the Class would find the cost of litigating their statutorily-limited claims to be prohibitive, and multiple individual actions would be judicially inefficient. *Maxwell*, 2004 WL 719278, at *6.

Certification of the proposed Class is necessary to ensure that Defendant's conduct becomes compliant with the BIPA, to ensure that the Class members' privacy rights with respect to their biometrics is sufficiently protected, and to compensate those individuals who have had had their statutorily-protected privacy rights violated and who have not been informed as to the status of their own biometric information. Were this case not to proceed on a class-wide basis, it is unlikely that any significant number of Class members would be able to obtain redress, or that Defendant would willingly implement the procedures necessary to honor the requirements of the statute. Thus, proceeding as a class action here is an appropriate method to fairly and efficiently adjudicate the controversy.

## IV.     CONCLUSION

For the reasons set forth above, the requirements of 735 ILCS 5/2-801 are satisfied. Plaintiff respectfully requests that the Court enter an Order certifying the proposed Class, appointing Plaintiff as Class Representative, appointing McGuire Law, P.C. as Class Counsel, and awarding such additional relief as the Court deems reasonable. Alternatively, the Court should defer ruling on this Motion pending the completion of appropriate discovery and supplemental briefing.

Dated: July 6, 2017

Respectfully submitted,

DENIS ZHIROVETSKIY, individually and on behalf of a class of similarly situated individuals

By: _____

One of Plaintiff's Attorneys

Myles McGuire
Evan M. Meyers
David L. Gerbie
MCGUIRE LAW, P.C. (Firm ID: 56618)
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
mmcguire@mcgpc.com
emeyers@mcgpc.com
dgerbie@mcgpc.com

*Attorneys for Plaintiff and the Proposed Class*

- 14 -

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, CHANCERY DIVISION

DENIS ZHIROVETSKIY, individually )
and on behalf of similarly situated )
individuals, )
                               )      No.
      *Plaintiff*, )
                               )      Hon.
          v. )
                               )
ZAYO GROUP, LLC, a Delaware limited )
liability company, )
                               )
      *Defendant*. )
                               )

## DECLARATION OF EVAN M. MEYERS

I, Evan M. Meyers, hereby aver, pursuant to 735 ILCS 5/1-109, that I have personal knowledge of all matters set forth herein unless otherwise indicated, and would testify thereto if called as a witness in this matter.

1.     I am an adult over the age of 18 and a resident of the State of Illinois.

2.     I am fully competent to make this Declaration and I do so in support of Plaintiff's Motion for Class Certification or, Alternatively, for a Deferred Class Certification Ruling Pending Discovery.

3.     I am an attorney with the law firm McGuire Law, P.C., I am licensed to practice law in the State of Illinois, and I am one of the attorneys representing the Plaintiff in this matter.

4.     McGuire Law, P.C. is a litigation firm based in Chicago, Illinois that focuses on class action litigation, representing clients in both state and federal trial and appellate courts throughout the country.

5.     The attorneys of McGuire Law, P.C. have regularly engaged in complex litigation on behalf of consumers and have extensive experience prosecuting class action lawsuits similar

in size and complexity to the instant case. I and/or my firm has served as class counsel in numerous complex consumer class actions. *See, e.g., Shen et al v. Distributive Networks, Inc.* (N.D. Ill. 2007); *McFerren et al v. AT&T Mobility, LLC* (Sup. Ct. Fulton County, Ga. 2008); *Gray et al v. Mobile Messenger Americas, Inc. et al.,* (S.D. Fla. 2008); *Gresham et al v. Keppler & Associates, LLC et al.,* (Sup. Ct. Los Angeles County, Cal. 2008); *Weinstein et al v. The Timberland Co., et al.* (N.D. Ill. 2008); *Sims et al v. Cellco Partnership* et al., (N.D. Cal. 2009); *Van Dyke et al v. Media Breakaway, LLC et al.,* (S.D. Fla. 2009); *Paluzzi, et al. v. mBlox, Inc., et al.,* (Cir. Ct. Cook County, Ill. 2009); *Valdez et al v. Sprint Nextel Corporation* (N.D. Cal. 2009); *Parone et al v. m-Qube, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2010); *Satterfield et al v. Simon & Schuster* (N.D. Cal. 2010); *Espinal et al v. Burger King Corporation et al.,* (S.D. Fla. 2010); *Lozano v. Twentieth Century Fox,* (N.D. Ill. 2011); *Williams et al v. Motricity, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Walker et al v. OpenMarket, Inc. et al.,* (Cir. Ct. Cook County, Ill. 2011); *Schulken at al v. Washington Mutual Bank, et al.,* (N.D. Cal. 2011); *In re Citibank HELOC Reduction Litigation* (N.D. Cal 2012); *Kramer et al v. Autobytel* et al., (N.D. Cal. 2011); *Rojas et al v. Career Education Co.* (N.D. Ill. 2012); *Ellison et al v. Steven Madden, Ltd.* (C.D. Cal. 2013); *Robles et al v. Lucky Brand Dungarees, Inc.* et al., (N.D. Cal. 2013); *Pimental et al v. Google, Inc. et al.,* (N.D. Cal. 2013); *In re Jiffy Lube Spam Text Litigation* (S.D. Cal. 2013); *Lee et al v. Stonebridge Life Ins. Co. et al.,* (N.D. Cal. 2013); *Gomez et al v. Campbell-Ewald Co.* (C.D. Cal. 2014); *Murray et al. v. Bill Me Later, Inc.,* 12-cv-4789 (N.D. Ill. 2014); *Hooker et al. v. Sirius XM Radio, Inc.* (E.D. Va. 2016); *Seal et al. v. RCN Telecom Services, LLC,* (Cir. Ct. Cook County, Ill. 2017); *Manouchehri, et al. v. Styles for Less, Inc., et al.,* (S.D. Cal. 2017).

6.     I am a graduate of the University of Michigan—Ann Arbor and the University of Illinois College of Law. I have been practicing law since 2002 and have been admitted to

practice in the Illinois Supreme Court and in several federal courts throughout the country, including the U.S. District Court for the Northern District of Illinois and the U.S. Supreme Court.

7.     McGuire Law, P.C. has diligently investigated the facts and claims in this matter and will continue to diligently investigate and prosecute this matter. McGuire Law, P.C. has also dedicated substantial resources to this matter and will continue to do so.  McGuire Law, P.C. has the financial resources necessary to fully prosecute this action through trial and to provide the necessary and appropriate notice to the class members should this proposed class be certified.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 6, 2017.

- 3 -