## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| DENIS ZHIROVETSKIY, individually and on behalf of a class of similarly situated individuals, | ) ) ) ) | |
| *Plaintiff*, | ) ) | No. 17-cv-05876 |
| v. | ) ) | Hon. Susan Johnson Coleman |
| ZAYO GROUP, LLC, a Delaware limited liability company, | ) ) ) | |
| *Defendant*. | ) | |

## PLAINTIFF'S MOTION TO REMAND

Plaintiff Denis Zhirovetskiy, by his undersigned attorneys, and pursuant to 28 U.S.C. § 1447(c), hereby respectfully moves for entry of an Order remanding the instant action to Illinois state court. In support of his Motion, Plaintiff states as follows:

## I.    INTRODUCTION

Plaintiff Denis Zhirovetskiy filed this lawsuit under Illinois law in the Circuit Court of Cook County, Illinois before it was subsequently removed to this Court by Defendant Zayo Group, LLC ("Defendant"). In its Notice of Removal, Defendant argued that this Court properly has subject matter jurisdiction over the instant action pursuant to the Class Action Fairness Act ("CAFA"). (Dkt. 1, at pp. 3-5). Once in federal court Defendant moved to dismiss Plaintiff's claim, primarily relying on its position that Plaintiff failed to allege any cognizable injury. In doing so, however, Defendant has fatally undermined its original removal to this Court by contending that Plaintiff failed to allege any harm or injury, a rigid requirement for Article III standing. Defendant, as the proponent of federal jurisdiction, bears the burden of establishing Article III standing and bears the risk of non-persuasion. Where neither party will overcome the

presumption against federal jurisdiction and in favor of allowing plaintiff to litigate in the forum

of his choice, as in this case, then the court should remand such action back to state court.

## II.     PROCEDURAL HISTORY

On July 6, 2017, Plaintiff initiated this class action by filing his Complaint against

Defendant in the Circuit Court of Cook County, Illinois. (Dkt. 1, Ex. C). On August 11, 2017,

Defendant removed Plaintiff's class action to this Court. (Dkt. 1). On September 18, 2017,

Defendant filed a Motion to Dismiss, or Alternatively to Strike Plaintiff's Complaint. (Dkt. 10).

On October 10, 2017, Plaintiff filed his First Amended Complaint. (Dkt. 16). On November 13,

2017, Defendant filed a Motion to Strike Plaintiff's Amended Complaint (Dkt. 23), and on

November 14, Defendant filed its Motion to Dismiss, or Alternatively to Strike Plaintiff's

Amended Complaint. (Dkts. 25, 26).[1]

## III.    BACKGROUND

 Defendant is an operator of data storage facilities throughout the country. (Dkt. 16 at ¶

14). Defendant is a Delaware corporation that conducts business in Illinois. (*Id*.) Plaintiff brings

his lawsuit against Defendant for its violations of the Illinois Biometric Information Privacy Act,

740 ILCS 14/10, *et seq*. (the "BIPA").

While most businesses secure their facilities through traditional methods, such as ID cards

and key codes, Defendant uses consumers' handprints and other biometric identifiers and

biometric information to identify and approve them for entry into its data centers. (Dkt. 16 at ¶

24). Defendant accomplishes this by using biometric scanning devices which capture, collect,

store, and use consumers' handprints. (*Id*.) Unlike ID cards or key codes which can be changed

---

[1] Plaintiff is aware of this Court's November 17, 2017 Order setting a briefing schedule on Defendant's Motion to Dismiss, which included a deadline of January 12, 2018 for Plaintiff to file his opposition. However, Plaintiff respectfully requests that such briefing be continued until the Court's resolution of the instant jurisdictional Motion to Remand.

or replaced if stolen or compromised, handprints are unique, permanent biometric identifiers; thus, the privacy risks associated with biometric information is virtually unparalleled. (*Id*. at ¶ 25). Recognizing the importance of maintaining the integrity of biometric systems and protecting individuals from their biometric information being compromised,[2] the Illinois Legislature enacted the BIPA, which provides, *inter alia*, that private entities such as Defendant may not obtain and/or possess an individual's biometrics unless they first: (1) inform that person in writing that biometric identifiers or information will be collected or stored; (2) inform that person in writing of the specific purpose and the length of term for which such biometric identifiers for biometric information is being collected, stored and used; (3) receive a written release from the person for the collection of her or her biometric identifiers information; and (4) publish publicly available written retention schedules and guidelines for permanently destroying biometric identifiers and biometric information.[3]

During the relevant period, Plaintiff was sent by his employer to one of Defendant's many data centers located in Illinois so that he could perform maintenance on his employer's data servers, which were located inside Defendant's facility. (Dkt. 16 at ¶ 32). As a condition of entry into Defendant's facility and for purported security purposes, Plaintiff was required to submit to a mandatory and invasive biometric hand-scan before he was permitted access to the part of the facility where his employer's servers were stored. (*Id.*) Plaintiff was hesitant to provide his biometric identifiers and/or biometric information to Defendant and was concerned about what would become of his extremely personal information. (*Id.* at ¶ 33). Nevertheless, because Plaintiff was required to access Defendant's facility to perform work, he did not feel as though he had an option as to providing his biometrics to Defendant. (*Id.*). Defendant required Plaintiff to scan his

---

[2] *See* 740 ILCS 14/5.
[3] *See* 740 ILCS 14/5.

handprint into one of its biometric security devices as a condition to access its data center on multiple occasions. (*Id*. at ¶ 35). Plaintiff alleges that Defendant's practice of capturing, collecting, storing, and using his and other consumers' biometrics violates the BIPA because Defendant fails to adhere to the disclosure, consent, and policy provisions of the BIPA. (*Id*. at ¶¶ 36-40).

After being served with Plaintiff's Complaint, Defendant removed the case, asserting that this Court has federal subject matter jurisdiction pursuant to CAFA.[4] (Dkt. 1). However, Defendant quickly and repeatedly fatally undermined this position in its Motion to Dismiss (Dkt. 26), by asserting that Plaintiff failed to allege any injury or harm. Defendant cannot remove on the basis of federal subject matter jurisdiction and, at the same time, assert that Plaintiff has not alleged any injury or harm, without wholly abdicating its burden to establish Article III standing.

## IV.    THIS CASE SHOULD BE REMANDED TO ILLINOIS STATE COURT

### A.    *Defendant Has The Burden Of Establishing Article III Standing.*

A case may only be removed to federal court "if the action originally could have been brought in federal court." *Illinois v. AU Optronics Corp*., 794 F. Supp. 2d 845, 848 (N.D. Ill. 2011) (citing 28 U.S.C. § 1441(a)). Defendant, as the party removing the case, bears the burden of establishing federal jurisdiction, *Schur v. L.A. Weight Loss Ctrs.*, 577 F.3d 752, 758 (7th Cir. 2009), and Article III standing is a distinct component of subject matter jurisdiction that Defendant must establish. *Macon Cnty., III ex rel. Ahola v. Merscorp, Inc.*, 968 F. Supp. 2d 959, 964 (C.D. Ill. 2013). Indeed, the party "invoking federal jurisdiction bears the burden of establishing the[] elements [of Article III standing]." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). Article III standing requires, *inter alia*, allegations that a plaintiff suffered "an invasion of a legally

---

[4] 28 U.S.C. § 1332(d).

protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc., v. Robins*, 136 S.Ct. 1540, 1548 (2016) (citing *Lujan*, 505 U.S. at 560).

If, in a removed case, the court finds that it does not have subject matter jurisdiction at any time, the only remedy is remand to state court. *Smith v. Wis. Dep't of Agric., Trade & Consumer Prot.*, 23 F.3d 1134, 1142 (7th Cir. 1994). Courts should interpret the removal statute narrowly, resolving any doubts about federal jurisdiction in favor of remand. *Schur*, 577 F.3d at 758. Here, Defendant has not only abandoned its burden to establish this Court's jurisdiction, but has actively challenged such federal jurisdiction in its Motion to Dismiss by asserting that the "injury-in-fact" component of Article III standing is absent in Plaintiff's Complaint.

### B.     Defendant Attacks Plaintiff's Article III Standing, Thereby Attacking This Court's Original Jurisdiction And Necessitating Remand.

In its Motion to Dismiss, Defendant argues that Plaintiff has failed to allege that he suffered any actual injury *whatsoever*. (Dkt. 26, p. 2). In so arguing, Defendant effectively contends that Plaintiff lacks the "injury-in-fact" requirement of Article III standing, which completely undermines this Court's original jurisdiction and its own action in removing this case, and constitutes an abdication of its burden to establish federal jurisdiction.

This issue has previously arisen in this District. Recently, and most directly on point, as it involved a BIPA case removed from state court, Judge Durkin was faced with similar circumstances in *Barnes v. Aryzta,* Case No. 17-cv-7358 (Memorandum Opinion and Order Granting Plaintiff's Motion for Remand, Dkt. 39 (N.D. Ill. Dec. 20, 2017)). In *Aryzta*, the plaintiff filed a class action in Illinois state court alleging violations of the BIPA. (*Aryzta*, Dkt. 39, at p. 1). The defendant removed the case to federal court pursuant to CAFA. (*Id*. at p. 3). Once in federal court, the defendant moved to dismiss the action for lack of subject matter jurisdiction pursuant to Fed.

R. Civ. P. 12(b)(1), asserting that plaintiff lacked a concrete injury-in-fact and relying on the Supreme Court's ruling in *Spokeo, Inc., v. Robins*, 136 S. Ct. 1540 (2016). The defendant also moved to dismiss pursuant to Rule 12(b)(6) for failure to establish that plaintiff was an "aggrieved party" under the BIPA. (*See Aryzta*, Dkt. 39, at pp. 2-3). Despite the defendant's prompt withdrawal of its 12(b)(1) motion, Judge Durkin nonetheless granted Plaintiff's motion to remand, finding that Defendant's post-removal conduct in challenging Plaintiff's Article III demonstrated to the court that federal jurisdiction may have been lacking, and finding that "any doubt regarding jurisdiction should be resolved in favor of the states." (*Id*. at p. 9).

Judge Bucklo reached a similar result in *Mocek v. Allsaints USA Limited*, 220 F. Supp. 3d 910 (N.D. Ill. 2016). In *Mocek*, the plaintiff filed a class action in Illinois state court alleging violations of the Fair and Accurate Credit Transactions Act, which the defendant removed to federal court. *Id*. at 911. The defendant then moved for dismissal under Rule 12(b)(1), asserting that plaintiff lacked Article III standing. *Id*. at 911, 913. In granting Plaintiff's motion to remand to state court, Judge Bucklo observed that "with no party willing to overcome the presumption against federal jurisdiction, remand is appropriate on any analysis." *Id*. at 914.

Plaintiff anticipates that Defendant will attempt to distinguish the instant matter by virtue of the fact that it is purportedly challenging Plaintiff's Complaint on Rule 12(b)(6) grounds, rather than on a 12(b)(1) motion. However, this argument is a red herring; Defendant's Motion to Dismiss explicitly and clearly asserts that Plaintiff has not alleged *any* actual concrete injury or harm, even citing to and relying on the Article III argument advanced in *Spokeo*—that is, that Plaintiff has merely alleged a "technical" violation of the BIPA and was not actually harmed in any way. (Dkt. 26, p. 10). Therefore, while Defendant has couched its challenges to the "injury-in-fact" element of Article III standing as a Rule 12(b)(6) motion, the practical effect of its motion

practice brings this issue directly into the purview of *Arytza*. This is highlighted throughout Defendant's Motion to Dismiss, including but not limited to the following assertions made by Defendant:

1. "This case is a putative class action for alleged **technical violation** of the notice and consent provisions of the Illinois Biometric Information Privacy Act." (Dkt. 26, p. 1).

2. "…**nowhere in the complaint did Plaintiff contend that he suffered any actual injury** resulting from his voluntary use of the scanner or the alleged bare procedural violation of the Act." (Dkt. 26, p. 2) (emphasis added).

3. "a technical or bare procedural violation of BIPA does not render Plaintiff "aggrieved" for purposes of the act[.]" (Dkt. 26, p. 2).

4. "…emotional distress…does not constitute actual injury or harm[.]" (Dkt. 26, pp. 2-3).

5. "**…the BIPA claims should be dismissed because nowhere does Plaintiff allege any actual injury[.]**" (Dkt. 26, p. 4) (emphasis added).

6. "…the plaintiff alleged no injury and merely sought recovery for an alleged technical violation of the act." (Dkt. 26, p. 6).

7. "Plaintiff attempts to link the alleged statutory violations to an injury by contending that Zayo's noncompliance with BIPA's notice and consent provisions infringed upon his privacy rights. These allegations do not plausibly demonstrate an actual injury[.]" (Dkt. 26, p. 7).

8. "Nevertheless, regardless of whether Plaintiff experiences mental anguish, anxiety, stress, concern, or worry…it does not plausibly constitute an actual injury[.]" (Dkt. 26, p. 9).

Clearly, Defendant has failed to establish its burden in demonstrating that this Court has federal jurisdiction and has instead undermined this Court's original jurisdiction in its challenges to Plaintiff's Article III Standing.[5] Indeed, Defendant is not arguing that Plaintiff would not be

---

[5] To the extent Defendant claims that Plaintiff is precluded from moving for remand after having filed his Amended Complaint (Dkt. 16) in federal court after Defendant removed the case, Defendant is wrong. The filing of the Amended Complaint did not waive Plaintiff's right to seek remand to state court, where he initially chose to bring his case. *See,* e.g., *Spalo v. Union Pacific R.R. Co.*, No. 17 C 3357, 2017 WL 2908775, *2 (N.D. Ill. July 7, 2017).

able to prove damages, or that his damages were not caused by Defendant. Rather, Defendant expressly argues that Plaintiff has no damages, that Plaintiff has not actually alleged damages, and that Plaintiff has merely alleged a technical violation of the statute. Further, Plaintiff wishes to litigate this matter in state court and will not carry Defendant's jurisdictional burden on its behalf. One reason Plaintiff filed in state court was the lack of uniformity in Article III standing jurisprudence concerning BIPA. *Compare McCollough v. Smarte Carte, Inc.*, No. 16 C 03777, 2016 WL 4077108, at \*3–4 (N.D. Ill. Aug. 1, 2016) (finding plaintiff had failed to allege a concrete injury sufficient to establish Article III standing), *with Monroy v. Shutterfly, Inc.*, No. 16 C 10984, 2017 WL 4099846, at \*8 n.5 (N.D. Ill. Sept. 15, 2017) (concluding that plaintiff had established Article III standing).[6] Illinois courts make their own standing determinations under state law, *see Smith*, 23 F.3d at 1142 ("[I]t is clear that Article III's 'case or controversy' limitations apply only to the federal courts"), which is why Plaintiff filed his original complaint there and seeks remand.

Therefore, this Court is presented with a situation in which neither party before it will overcome the presumption against federal jurisdiction: Plaintiff should not be forced to carry Defendant's burden in establishing that jurisdiction is proper, and Defendant has already made assertions that directly undermine the existence of such jurisdiction. When neither party argues in support of jurisdiction, courts should not step in to do so. *Muscarello v. Ogle Cnty. Bd. of Comm'rs*, 610 F.3d 416, 426 (7th Cir. 2010).

Accordingly, this Court should remand this action to state court pursuant to 28 U.S.C. § 1447(c).

---

[6] Furthermore, this Court's ruling in *McCullough v. Smarte Carte, Inc.* supports remand of the instant matter, as this Court found in that case that the plaintiff lacked Article III standing—even if the plaintiff was deemed by a state court to be "aggrieved" under the BIPA—but then granted leave to refile all claims exclusively in state court. *McCullough*, 2016 WL 4077108, at \*5.

WHEREFORE, for the foregoing reasons, Plaintiff Denis Zhirovetskiy respectfully requests that this Honorable Court enter an Order: (i) granting Plaintiff's Motion to Remand; (ii) remanding this matter to the Circuit Court of Cook County, Illinois; and (iii) for such further and other relief the Court deems reasonable and just.

Dated: January 12, 2018

Respectfully submitted,

DENIS ZHIROVETSKIY, individually and on behalf of a class of similarly situated individuals,

By: /s/ David L. Gerbie
*One of Plaintiff's Attorneys*

Evan M. Meyers
David L. Gerbie
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
emeyers@mcgpc.com
dgerbie@mcgpc.com

*Counsel for Plaintiff and the Putative Class*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on January 12, 2018 I caused the foregoing *Plaintiff's Motion to Remand* to be electronically filed with the Clerk of the Court using the CM/ECF system.  A copy of said document will be electronically transmitted to all counsel of record.


<u>/s/ David L. Gerbie</u>

10